**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9    **IN RE:**                                    **MDL Docket No 04-1606 VRW**

10   **DEEP VEIN THROMBOSIS**                              **ORDER**

11

12   **This Document Relates To:**

13   **04-5463 VRW**

14   **Hull v Frontier Airlines, Inc, et**
     **al**
15   _____/

16

17           The court ordered plaintiff to show cause why his non-

18   Warsaw case against airline defendants Frontier Airlines (Frontier)

19   and Mesa Air Group (Mesa) should not be dismissed under the

20   reasoning of the court's March 11, 2005, preemption order.  (04-

21   5463 VRW -- Doc #6 (OSC)); (04-1606 VRW -- Doc #151 (preemption

22   order)).  Plaintiff has filed his response to the OSC.  04-5463 Doc

23   #7.  For the following reasons, the court DISMISSES plaintiff's

24   complaint.

25           On May 2, 2003, plaintiff was scheduled to fly from

26   Denver to San Diego on Frontier.  Compl at 2.  Upon arrival at the

27   Denver International Airport, plaintiff discovered that he would be

28   flying on a 50-passenger jet "in lieu of the 300-passenger Boeing

United States District Court

For the Northern District of California

737-300 Jet typically used to fly that route."  Id.  Plaintiff

requested that he be put on a larger plane because "small planes

made him nervous and that it would also be uncomfortable because of

his injured left Achilles tendon."  Id.  The Frontier agent told

him that they were unable to offer him any other flight options

leaving for San Diego on May 2, 2003.  Id.  Plaintiff acquiesced

and boarded the 50-passenger jet bound for San Diego.  Plaintiff

claims that the flight was delayed 60 minutes on the tarmac before

departing on the two and one-half hour flight to San Diego.  Id.

The following Monday, plaintiff's doctor diagnosed him

with deep vein thrombosis (DVT).  Id.  Based on these events,

plaintiff alleges that Frontier and Mesa "should be held negligent

and liable for causing Plaintiff to be afflicted" with DVT "because

they failed to inform the Plaintiff of the potential danger of

[DVT] prior to boarding their aircraft."  Id at 3-4.  Moreover,

Frontier and Mesa "knew, or should have known, * * * that confining

passengers, especially injured passengers, in cramped * * * cabin

quarters on long flights could cause [DVT] * * *."  Id at 4.

Hence, plaintiff is asserting a failure to warn claim and

a defective seat configuration claim against Frontier and Mesa.  In

essence, plaintiff argues that he should have been warned of the

risks of DVT and that Frontier and Mesa should have configured

their seating differently to avoid cramped cabin quarters.  The

non-Warsaw plaintiffs asserted these same two claims and the March

11, 2005, preemption order addressed both.  First, the preemption

order held that defective seat configuration claims were expressly

preempted by the Airline Deregulation Act.  Doc #151 at 19.  Next,

the preemption order concluded that failure to warn claims were

2

**United States District Court**
For the Northern District of California

1 | impliedly preempted by the Federal Aviation Act (FAA).  Id at 28.
2 | In essence, an airline can not be liable for failing to warn
3 | passengers of DVT because the Federal Aviation Administration,
4 | pursuant to its grant of authority under the FAA, does not require
5 | airlines to warn of DVT.

6 | While plaintiff attempts to distinguish his case on the
7 | ground that he was suffering from a severed Achilles tendon during
8 | his flight, this <u>factual</u> distinction does not affect the <u>legal</u>
9 | conclusion that failure to warn claims and defective seat
10 | configuration claims are preempted by federal law.  Accordingly,
11 | plaintiff's complaint if DISMISSED with prejudice under the
12 | preemption reasoning announced in the court's March 11, 2005,
13 | order.

15 | SO ORDERED.



VAUGHN R WALKER

United States District Chief Judge

3